NATHANIEL F. CLAPP *vs.* ELIJAH MANTER.

Somerset. Opinion September 20, 1886.

*Mills and mill-dams. Flowage. Drift-stuff.*

The complaint for flowage under the mill act only lies where the flowage is caused by a head of water designedly raised for the purpose of working a mill.
Such a complaint can not be sustained by flowage caused by a head of water accidentally raised by a jam of drift-stuff and applied to no useful purpose.

ON motion and exceptions.

Complaint for flowage. The verdict was for the plaintiff, and the defendant moved to set it aside as being against law and evidence and the weight of evidence. The defendant also alleged exceptions to certain instructions of the presiding justice.

The facts are sufficiently stated in the opinion.

*J. J. Parlin,* for the plaintiff.

This is the proper form of action. R. S., c. 92, § 4. In *Monmouth* v. *Gardiner,* 35 Maine, 253, the court says: "In cases for flowing lands by mill owners, the remedy for the proprietor of the land is provided by the statute and an action at common law can not be maintained. *Stowell* v. *Flagg,* 11 Mass. 364; *Dingley* v. *Gardiner,* 73 Maine, 65; *Gordon* v. *Saxonville Mills,* 14 Allen, 220; *Turner* v. *Whitehouse,* 68 Maine, 222; *Inhabitants of Calais* v. *Dyer,* 7 Maine, 155; 10 Metcalf, 203; *Crosby* v. *Bessey,* 49 Maine, 543; 16 Pick. 241; *Augusta* v. *Moulton,* 75 Maine, 284.

Suit is properly brought as the fee is in the plaintiff, 7 Maine, 155, above cited. *Williams* v. *Carlton,* 53 Maine, 449.

Damages can be legally and properly settled in this case. *Munroe* v. *Stickney,* 48 Maine, 462; *Turner* v. *Whitehouse,* 68 Maine, 223; *Bean* v. *Hinman,* 33 Maine, 480; *Clark* v. *Rockland Water Power Co.* 52 Maine, 81.

No matter whether the water is stopped by the dam, flash boards, or drift-wood, the injury to complainant is the same, and none the less in one case than in the other. The same remedy for redress is open in one case as in the other, and is by this form of action. 73 Maine, 65, above cited; 14 Allen, 220, *supra.*

The verdict is not against evidence or the weight of evidence, nor is it against the law. And it will not be set aside. *Enfield* v. *Buswell,* 62 Maine, 128; *Hunter* v. *Heath,* 67 Maine, 507; *Staples* v. *Wellington,* 58 Maine, 453.

*Walton and Walton,* for the defendant, cited: *Hill* v. *Sayles,* 12 Met. 142; *Farrington* v. *Blish,* 14 Maine, 423; *Jones* v. *Skinner,* 61 Maine, 28; *Crockett* v. *Millett,* 65 Maine, 191; *Baird* v. *Hunter,* 12 Pick. 555; *Fiske* v. *Framingham Man. Co.* 12 Pick. 67; *Hodges* v. *Hodges,* 5 Met. 205; *Thompson* v. *Moore,* 2 Allen, 350; Gould, Waters, 764, 765, and notes; *Rich* v. *Kershner,* 56 Wis. 287; *Dixon* v. *Eaton,* 68 Maine, 542; *Wilson* v. *Campbell,* 76 Maine, 94; *Palmer Co.* v. *Ferrill,* 17 Pick. 65; *French* v. *B. Man'f'g Co.* 23

Pick. 220; *Eames* v. *N. E. Worsted Co.* 11 Met. 571; *Murdock* v. *Stickney*, 8 Cush. 117.

WALTON, J. This is a complaint for flowage; and the question is whether, under the circumstances disclosed at the trial, it can be maintained.

It appeared that the defendant had acquired a right to flow the plaintiff's land from the first of October to the twentieth of May in each year, without the payment of damage, and that it was his custom during the remainder of the year to stop working his mill and leave his gates open and allow the water to pass off freely. He did so in 1883. But between the twentieth of May and the first of October of that year, large quantities of drift stuff came down from a mill above and from other sources, and formed a jam in front of the defendant's gates sufficiently obstructive, during severe rains, to cause the water to flow back upon the plaintiff's land.

The question is whether flowage thus caused will sustain a complaint under our mill act.

We think it will not. Such a complaint is a special remedy, and lies only when the flowage is lawful, and such as the mill act itself authorizes. That is, the flowage must be caused by a head of water designedly raised for the purpose of working a mill. A head of water raised accidentally by a jam of drift stuff, and applied to no useful purpose, is not the kind of flowage contemplated by the mill act, and for which the special remedy by complaint is provided. Under such a complaint commissioners are to be appointed, and they are to view the premises and determine how far it may be necessary to flow the complainant's land, and for what portions of the year, and appraise the yearly damage, past and future. Surely such proceedings are not intended for a casual, accidental, flowing; one not intended and presumably not to be continued. For such a wrong an action at law is the proper remedy.

Thus, where the defendant's right to flow was limited to certain months in each year, and he kept his gates closed and flowed the plaintiff's lands at other times, the court held that an action

at law was the proper remedy, and not a complaint under the mill act. *Hill* v. *Sayles*, 12 Met. 142.

So, where a mill had been removed in October, but the dam remained till the following June, the court held that an action at law, and not a complaint under the statute, was the proper remedy for the flowing between October and June. *Baird* v. *Hunter*, 12 Pick. 556 ; and see *Fiske* v. *Framingham Man'f'g Co.* 12 Pick. 68.

And, in this State, where a mill-dam overflowed a town road, the court held that the flowage was not authorized by the mill act, and, consequently, that a complaint under that statute could not be maintained,— that the proper remedy, if any, was an action at law. *Calais* v. *Dyer*, 7 Maine, 155. And in a later case, for a similar injury, an action at law was sustained. *Monmouth* v. *Gardiner*, 35 Maine, 247. And see *Strout* v. *Millbridge Co.* 45 Maine, 76.

The principle running through all the cases, not only those cited, but many others, is that, when the flowage is lawful, and in all respects such as the mill act authorizes, a complaint under the statute is the proper remedy ; but when the flowage is for any cause unlawful, redress must be sought in some other form, —generally by an action at law, but sometimes by a bill in equity.

In this case, the flowage was caused by drift stuff unlawfully thrown into the river, or negligently allowed to float in. It may be true — and undoubtedly is true — that the drift stuff would not have formed a jam sufficiently tight to stop the water but for the defendant's dam. Still, it was the drift stuff that stopped the water and caused the flowage. The flowage was not caused by a head of water designedly raised for working a mill, and was not, therefore, within the protection of the statute, and a complaint under the statute was not a proper remedy by which to recover the damage done by it.

*Motion sustained. New trial granted.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.